Parker C. J.,
in giving the opinion of the Court, said in substance, that if the facts stated in the plea were a sufficient answer to the action, the Court would order a repleader ; but that the Court were satisfied that they did not constitute a defence. This is an action on the bond. There are no authorities to establish the ground of defence set up, though there are some analogous cases in New York inclining that way, particularly the case of Pain v. Packard, 13 Johns. R. 174, where a surety on a promissory note having requested the holder to proceed immediately against the principal, who was then solvent and who afterwards became insolvent, was exonerated in consequence of the holder’s neglecting to comply with the request. But this case is questioned by Mr. Chancellor Kent, and two of the judges afterwards re tracted their opinion, and the decision was sanctioned in King *652 v. Baldwin, 17 Johns. R. 403, by the turning vote of the lieutenant governor, against the opinion of a majority of the judges present; so that the question is hardly settled in New York.[1] ***56In England the law is clear, that a bond is not to be discharged, except by something of as high a nature. A surety is not understood to retain such a right as the defendants contend for. It should seem proper, however, that in the case of a deputy .sheriff, who may continue many years in office, the surety should have an opportunity, where the deputy misbehaves himself, of getting released from liability for his subsequent misconduct. But it is for the legislature to make such provision, in case they should deem it expedient. There is one mode now which a surety might pursue, and that is, making an application to the governor, who would discharge the sheriff in case he improperly refused to remove a deputy. But there is no authority for the surety to judge of the fitness of such removal.
*653 In the case before us the bond is adjudged to be forfeited, and there must be a hearing in chancery as to the damages.[2]

 In Warner v. Beardsley, 8 Wendell, 199, Walworth, Chancellor, refused to carry the principles of the decision in King v. Baldwin, beyond cases coming directly within it. Thus far, however, he considered it as' binding authority.
The following authorities support the text in opposition to the decision in King v. Baldwin. Manning v. Shotwell, 2 Southard, 585 ; Frye v. Barker, 4 Pick. 382 ; Davis v. Huggins, 3 N. Hamp. R. 231 ; Townsend v. Riddle, 2 N. Hamp. R. 451 ; Craughton v. Duval, 3 Call, 69 ; Moore v. Broussard, 20 Martin’s (Louis.) R. 277 ; Pickett v. Land, 2 Bailey, 608 ; Bellows v. Lovell, 5 Pick. 307. In this last case, however, it seems to be intimated by the Court, that if the surety should accompany his request to sue, with an offer of indemnity against the costs and charges of suit, he would be discharged in case the creditor still neglected to sue. See Beardsley v. Warner, 6 Wendell, 610.
A different doctrine has been adopted in Pennsylvania from that maintained in the foregoing authorities, on the ground, that there is no court of chancery in that State ; and it is there held, that if the creditor, after being requested to bring suit against the principal debtor on a bond, refuse to do so, the surety is discharged, provided he declares that he shall consider himself discharged unless his request be complied with. Dekuff v. Turbett, 3 Yeates, 157 ; Cope v. Smith, 8 Serg. & Rawle, 110 ; Gardner v. Ferree, 15 ibid. 28 ; Erie Bank v. Gibson, 1 Watts, 143. If the principal becomes insolvent after the creditor has neglected to sue on the request of the surety, the surety is held to be discharged, in Treasurers v. Johnson, 4 M‘Cord, 458 ; Pain v. Packard, 13 Johns. R. 174. See also Warner v. Beardsley, 8 Wendell, 194 ; S. C. 6 Wendell, 610 ; Kennebec Bank v. Tuckerman, 5 Greenl. 130. But see Bellows v. Lovell, 5 Pick. 311.
*653 In respect to the relief afforded a surety in chancery, when he stands in danger from the delay of the creditor to sue the principal, see Hayes v. Ward, 4 Johns. Ch. R. 131 ; King v. Baldwin, 2 ibid. 559 ; Taylor v. Heriot, 4 Desaus. 227 ; Bedows v. Lovell, 5 Pick. 310, 311 ; Stump v. Rogers, 1 Ohio R. 533.

 See Andrus v. Bealls, 9 Cowen, 693. This case bears a strong resemblance to the one in the text, and is decided in the same way.